\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL STELLY | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION No. 1:13-CV-714 |
| | § | |
| OILTANKING BEAUMONT PARTNERS, | § | JUDGE RON CLARK |
| L.P., OILTANKING BEAUMONT GP, | § | |
| L.L.C., AMSPEC SERVICES, L.L.C., | § | |
| MGI MARINE, L.L.C. | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING MOTION TO REMAND

This case arises from an injury sustained on a gangway between a dock and barge. Plaintiff

Michael Stelly filed suit in state court against Defendant Amspec Services, LLC ("Amspec") for

breach of contract and violation for the Texas Labor Code, and against Defendants Oiltanking

Beaumont Partners, LP and Oiltanking Beaumont GP, LLC (collectively "Oiltanking"), and MGI

Marine, LLC ("MGI Marine"), for negligence and, in the alternative, a claim under general maritime

law against MGI Marine.

MGI Marine removed the case under 28 U.S.C. § 1441, pursuant to 28 U.S.C. § 1333, arguing

that Stellys's claims sound in maritime law and fall within this court's original jurisdiction.  Stelly

moves to remand, asserting that despite revisions made to the removal statute, admiralty jurisdiction

alone cannot provide the basis for removal.[1]  The court finds that doubt as to the propriety of

jurisdiction exists.  Accordingly, Plaintiff's Motion to Remand [Doc. #5] is GRANTED and this case is

remanded to the 172nd Judicial District Court of Jefferson County, Texas.

---

[1] Plaintiff also filed an Unopposed Motion to File Memorandum of Additional Authorities related to
his motion to remand [Doc. #18], and Defendant MRI Marine filed an Unopposed Motion for Leave
to File a Reply [Doc. #20]. The court GRANTS both of these motions.

## I.  BACKGROUND

The following facts are drawn from the Plaintiff's Petition and the court makes no determination as to their veracity at this time.

On October 14, 2012, Michael Stelly states that he was sent by his employer, Amspec, to inspect the MGI Barge 2721, which was owned and operated by MGI Marine. The barge was docked at Oiltanking's dock near Highway 347.  Access to the barge was achieved through the use of a gangway which connected the barge to the dock.  After conducting his inspection onboard the barge, Stelly exited using the gangway.  Upon stepping on the gangway, Stelly asserts that it gave way and slid "out from under him and to the side throwing him" onto the deck of the barge and almost into the river between the barge and dock. As a result of this fall, Stelly states that he suffered injuries to his lumbar and shoulder.  Stelly asserts that that the gangway was in poor condition and "carelessly and recklessly secured to the dock and barge."

After the fall, Stelly states that he, as well as another coworker, notified Amspec and Oiltanking of the incident and resulting injuries. Stelly evidently attempted to file a claim for worker's compensation.  He states that Amspec mislead him into believing that a claim had been filed, then offered to pay him to work in its office while he awaited payment of his worker's compensation benefits.  Stelly states that he insisted that Amspec provide him with a copy of the paperwork submitted to the compensation carrier. After being told that he would receive the paperwork the next day, he was terminated.

## II.  APPLICABLE LAW

This is a court of limited jurisdiction and may only hear a case when jurisdiction is both authorized by the United States Constitution and confirmed by statute. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010).  Absent federal question jurisdiction, removal is only proper if there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C.

§1332(a).  The removing party bears the burden of showing that federal jurisdiction exists and that

removal was proper.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

2002).  Any doubts as to the propriety of removal should be construed strictly in favor of remand.

*Id.*

## III.    DISCUSSION

In removing this action, MGI Marine argues that the revision of 28 U.S.C. § 1441 by

Congress in December 2011 has led to the removability of admiralty claims. Disputing this, Stelly

urges the court to find that the saving to suitors clause of 28 U.S.C. § 1333(1) prevents the removal

of this action despite the statutory revision.

### A.  *Admiralty Jurisdiction*

Pursuant to 28 U.S.C. § 1333, district courts have original jurisdiction over "[a]ny civil case

of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they

are otherwise entitled."  Though district courts have original jurisdiction over these actions, the

Fifth Circuit has consistently held that maritime claims saved to suitors are, themselves, not

removable due to § 1441(b) serving as an Act of Congress that barred removal of such claims.[2] *E.g.*,

*In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991) (finding that maritime claims do not "aris[e] under

the Constitution, treaties or laws of the United States").  Therefore, the Fifth Circuit has found that

---

[2] The prior version of § 1441 provided, in relevant part:
   (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a
       State court of which the district courts of the United States have original jurisdiction, may be
       removed by the defendant or the defendants, to the district court of the United Sates for the
       district and division embracing the place where such action is pending. For purposes of
       removal under this chapter, the citizenship of defendants sued under fictitious names shall
       be disregarded.
   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or
       right arising under the Constitution, treaties or laws of the United States shall be removable
       without regard to the citizenship or residence of the parties. Any other such action shall be
       removable only if none of the parties in interest properly joined and served as defendants is
       a citizen of the State in which such action is brought.

   28 U.S.C. § 1441 (2006) (amended 2012).

such claims "may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship." *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013).

In December 2011, Congress passed the Federal Courts Jurisdiction & Venue Clarification Act of 2011. The Act altered § 1441, and removed language that the Fifth Circuit long interpreted as limiting the removal of maritime claims.[3]  This alteration has given rise to confusion concerning the current status of the removability of maritime claims, and the Fifth Circuit has not directly addressed the issue. *Compare Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D.Tex. 2013)(finding that the alteration of § 1441 resulted in making maritime claims removable) *with Rogers v. BBC Chartering Am., LLC*, No. 4:13-cv-3741, 2014 WL 819400 at *1 (S.D. Tex. March 3, 2014)(concluding that the alteration of § 1441 had no effect on the removability of maritime claims). While it is possible that Congress unintentionally made admiralty claims removable by amending § 1441, *Ryan*, 945 F.Supp.2d at 777, it is also possible that no such change occurred, *see Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013) (noting that H.R. Rep. No. 112-10 explained that Congress's "recent clarification" was in fact, a "clarification, as opposed to an amendment, of the original statute").  If Congress's actions are viewed only as "clarifying"

---

[3] The current version of § 1441 provides:

    (a) Generally.
        Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
    (b) Removal based on diversity of citizenship.
        (1) In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
        (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

    28 U.S.C. 1441 (2012).

existing law and not substantively altering the removal statute, it follows that an admiralty suit filed

in state court may not now be removed. Given the persistent uncertainty, the court is hesitant to find

an extension of its jurisdiction.

Apart from the unclear effects of the congressional revision, there exists another likely

barrier to the removal of this action.

### B.   Jury Trials

Prior to the removal of this action, there was a jury demand made in state court. Doc. 1-5.[4]

After removal, Stelly made his own demand. Doc. 4. The right to trial by jury is one of the

"obvious…remedies" available to suitors under the saving to suitors clause.  *Lewis v. Lewis & Clark*

*Marine, Inc*., 531 U.S. 438, 454-55, 121 S.Ct. 993, 1004 (2001).  The Fifth Circuit has stated that this

clause "does no more than preserve the right of maritime suitors to pursue nonmaritime remedies."

*Tennessee Gas Pipeline v. Houston Cas. Ins. Co*., 87 F.3d 150, 153 (5th Cir. 1996).  The clause does

not "guarantee [suitors] a nonfederal forum, or limit the right of defendants to remove such actions to

federal court where there exists some basis for federal jurisdiction other than admiralty."  *Id*.

Because complete diversity does not exist and there is no federal question involved,

jurisdiction, as MGI Marine proposes, would rest solely on admiralty; however, "[o]ne of the historical

procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial."

*Luerva v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011). Thus removal pursuant to admiralty

jurisdiction would deprive Stelly of his right to trial by jury—a remedy saved to suitors. *Barry v. Shell*

*Oil Co*., No. 2:13-cv-6133, 2014 WL 775662 at *3 (E.D. La. Feb. 25, 2014). Because trial by jury is a

remedy saved to suitors, the savings to suitors clause likely prohibits removal of this action.  *See id*.

---

[4] Though Stelly himself did not make the jury demand, "[a] jury request and jury fee payment by one party inures to the benefit of all other parties to suit…." *General Motors Corp. v. Gayle*, 924 S.W.2d 222, 225 n. 1 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding).

**IV. CONCLUSION**

Though Congress altered 28 U.S.C. § 1441 by passing the Federal Courts Jurisdiction & Venue Clarification Act of 2011, H.R. 394, 112th Cong. (2011), it is not clear that admiralty claims, long-held to be nonremovable, have now been made removable. Doubts to the propriety of removal should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Further, the court concludes that the savings to suitors clause, found in 28 U.S.C. § 1333, likely prohibits removal of the maritime claims in this case since removal would rob Stelly of his right to pursue his nonmaritime remedy of trial by jury.

IT IS THEREFORE ORDERED that Plaintiff Michael Stelly's Motion to Remand [Doc. # 5] is GRANTED and this action is remanded to the 172nd Judicial District Court of Jefferson County, Texas.

So **ORDERED** and **SIGNED** on March 26, 2014.

_____
Ron Clark, United States District Judge

6